5464.   CORKER *v.* ATLANTA RUBBER STAMP & STENCIL WORKS.

RUSSELL, C. J. The validity of the several assignments of error in the petition for certiorari depended upon whether the evidence compelled the implication (resting upon the testimony as to the tenant's failure to give notice of his intention to vacate the premises) that both parties had acquiesced in a tacit novation of the contract, and that thereby a former lease for one year was renewed or extended for a period of one year, or whether, as a matter of fact, an agent of the landlord (who, according to undisputed testimony, was fully authorized to act in the landlord's behalf) assented to an express parol contract by which its provisions terminated upon a definite date, up to which it was admitted

the rent was paid. The evidence authorized a finding that the defendant (who had previously held the premises under a written contract of lease) retained possession solely by virtue of a definite agreement in parol between the agent of the landlord and himself, which operated to confer upon the tenant the right to occupy the premises until May 10th only, and that all rent specified in that agreement was paid at the time and in the manner stipulated in the agreement, and that. for· these reasons the plaintiff was not entitled to recover any rent after the· expiration of the term mentioned in the parol contract. In this view of the case it was not error to refuse to sustain the certiorari; and the judgment is        *Affirmed. Roan, J., absent.*

DECIDED SEPTEMBER 11, 1914.

Certiorari; from Fulton superior court—Judge Pendleton. November 18, 1913.

*P. B. D'Orr, Felder, Anderson, Coburn & Whitman, J. L. & C. N. Anderson,* for plaintiff in error.

*Walter McElreath, Thomas H. Scott,* contra.